# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY O. GONZALES,<br><br>    Plaintiff,<br><br>  v.<br><br>T. FRANCISCO, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:12-cv-01786-SKO PC<br><br>ORDER VACATING ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DIRECTING CLERK OF COURT TO SERVE ORDER ON CDCR DIRECTOR AND U.S. DISTRICT COURT FINANCIAL DEPARTMENT<br><br>(Doc. 4)<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, PURSUANT TO 28 U.S.C. § 1915(G)<br><br>(Doc. 1) |

    Plaintiff Jimmy O. Gonzales, # D-68831, is a state prisoner proceeding pro se. Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 1, 2012, and on November 6, 2012, the Court granted Plaintiff's motion seeking leave to proceed in forma pauperis. However, following a review of cases filed by Plaintiff in the Northern District of California, it is now apparent that Plaintiff is subject to 28 U.S.C. 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

    The Court may take judicial notice of court records, *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004), and it takes judicial notice of *Gonzales v. Correctional Officer, et al.*, case number 3:07-cv–02373-MHP, in which the United States District Court for the Northern District of California issued an order to show cause in eight civil cases on January 22, 2008, *In re Gonzales*, Nos. C 07-2373 MHP (pr), C 07-3166 (MHP (pr), C 07-3289 MHP (pr), C 07-3517 MHP (pr), C 07-

3691 MHP (pr), C 07-3978 MHP (pr), C 07-4019 MHP (pr), C 07-5427 MHP (pr), 2008 WL 205280, at *1-2 (N.D. Cal. Jan. 22, 2008). The order identified Plaintiff's various aliases as James Patrick Gonzales, Jimmy Otero Gonzales, and James Lara Gonzales; and it required him to show cause why he should not be denied in forma pauperis status.[1]  *In re Gonzales*, 2008 WL 205280, at *1-2.

Following Plaintiff's response to the order to show cause, the court issued a "three strikes order" on March 6, 2008, finding that the following Northern District of California cases count as strikes under section 1915(g): *Gonzales v. USA, et al.*, case number 3:98-cv-03060-MHP (dismissed on Sept. 9, 1998, as frivolous; no appeal filed); *Gonzales v. Doe*, case number 3:99-cv-05290-MHP (dismissed on Jan. 25, 2000, for failure to state a claim; no appeal filed); *Gonzales v. Santa Clara Dept. of Corr., et al.*, case number 3:00-cv-02461-MHP (dismissed on Aug. 4, 2000, as frivolous and malicious; no appeal filed); and *Gonzales v. Evans, et al.*, case number 5:06-cv-03108-JW (dismissed on Feb. 21, 2007, for failure to state a claim; appeal dismissed on Oct. 10, 2007, for lack of jurisdiction).[2]

Accordingly, prior to the date he filed this action, Plaintiff had four strikes under section 1915(g), *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-1100 (9th Cir. 2011) (dismissals must be final before they count as strikes), and he is precluded from proceeding in forma pauperis unless, at the time he filed suit, he was in imminent danger of serious physical injury, *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).

Plaintiff's claims in this action arise out of events which occurred in August 2012. Plaintiff alleges that without provocation or justification, he was sprayed with pepper spray on August 29, 2012, and August 30, 2012, and beaten by officers on August 30, 2012; and he was falsely charged

---

[1] With respect to Plaintiff's aliases, Plaintiff has filed suit in the Eastern District of California using the names James Gonzales, Jimmy Gonzales, Jimmy O. Gonzales, and Jimmy Otero Gonzales, all under CDCR # D-68831, which is the same CDCR identification number listed for James Patrick Gonzales in *Gonzales v. Correctional Officer, et al.*, case number 3:07-cv-02373-MHP.

[2] Plaintiff did not appeal the three strikes order and dismissal in any of the eight cases.

1  with rules violations to cover up the incidents of excessive force.  Thus, the Court finds that
2  Plaintiff's complaint does not set forth any plausible allegations that at the time suit was filed,
3  Plaintiff was facing imminent danger of serious physical injury, and Plaintiff is not eligible to
4  proceed in forma pauperis in this action.  *Andrews*, 493 F.3d at 1055-56.  The order granting
5  Plaintiff's application for leave to proceed in forma pauperis shall be vacated, and this action shall
6  be dismissed, without prejudice to refiling with the $350.00 filing fee.[3]

7      Accordingly, it is HEREBY ORDERED that:

8      1. Plaintiff is ineligible to proceed in forma pauperis in this action pursuant to 28 U.S.C.
9  § 1915(g) and the order granting him leave to proceed in forma pauperis is
10 VACATED;

11     2. The Clerk of the Court shall serve a copy of this order on (1) the Director of the
12 California Department of Corrections and Rehabilitation and (2) the Financial
13 Department, U.S. District Court, Eastern District of California, Fresno Division; and

14     3. This action is dismissed, without prejudice to refiling accompanied by the $350.00
15 filing fee.

18 IT IS SO ORDERED.

19 **Dated:   April 1, 2013**                    /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE

---

[3] The Court elects to dismiss the action rather than provide Plaintiff with a limited opportunity to pay the filing fee, as there is no prejudice to Plaintiff.  Plaintiff has no funds, the full $350.00 filing fee balance remains unpaid in this case, and at a minimum, Plaintiff has two years from the date his claims accrued in August 2012 to file suit.  Cal. Civ. Proc. Code § 335.1 (West 2013) (two year statute of limitations); *Jones v. Blanas*, 393 F.3d 918, 927 (2004); *Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004); *see also* Cal. Civ. Proc. Code § 352.1 (West 2013) (two year tolling provision afforded to prisoners serving sentences less than life without the possibility of parole).  Further, Plaintiff's litigation tactics do not warrant that discretionary courtesy.  Plaintiff's misrepresentation, made under penalty of perjury, that he brought only one other action initially led the Court to overlook Plaintiff's three strikes status.  In this district alone, Plaintiff has in fact filed twenty actions, although none of the dismissals count as strikes under section 1915(g).